IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Blanche Scott, | C/A No. 3:17-cv-0602-CMC |
| Plaintiff, | |
| v. | |
| City of Camden, South Carolina, and John Burns, Building Inspector, and Charles Cushman III, former City Attorney, City of Camden City Council, and Michael Wright, Attorney for City of Camden, | Opinion and Order Granting Motion for Summary Judgment |
| Defendants. | |

Plaintiff, Blanche Scott ("Plaintiff"), brings this action under 42 U.S.C. § 1983, alleging a Fourth Amendment claim for malicious prosecution and a claim for "prosecutorial misconduct" as well as state law claims for outrage (intentional infliction of emotional distress), trespass, negligent supervision, breach of fiduciary duty, promissory estoppel, and abuse of process.[1] *See* ECF No. 1-1, Compl. Plaintiff brought these claims against the City of Camden, the City of Camden City Council[2], and individuals John Burns, City Zoning Administrator; Charles Cushman III, former City Attorney; and Michael Wright, current City Attorney.

The matter is before the court on Defendants' motion for summary judgment. For the reasons set forth below, the motion is granted.

---

[1] Plaintiff's Complaint was originally filed in state court, but removed to this court by Defendants.

[2] Defendants argue the City of Camden City Council "is not a body politic separate and apart from the City of Camden" and therefore is not a proper party and should be dismissed on those grounds. ECF No. 17-1 at 1. Plaintiff did not address this assertion in her response.

# BACKGROUND

In her Complaint, Plaintiff alleges a series of zoning citations were issued against her in retaliation for a successful lawsuit she brought against the City of Camden in 1987. Compl. ¶¶ 8-13. "In the current set of circumstances," Plaintiff attempted to have a yard sale on her property but was cited as violating several zoning ordinances, despite allegedly and "on information and her belief. . . [being] in compliance with City ordinances allowing her to have up to five (5) personal items for sale on her property." *Id.* at ¶ 11-12. Plaintiff alleges she was "targeted and singled out for ticketing and suits by the city in part in retaliation for having won a judgment against the city as aforementioned." *Id.* at ¶ 13.

In February of 2016, Defendant Burns, the Zoning Administrator, sent Plaintiff a letter informing her she was in violation of City of Camden ordinances for personal property too close to the roadway at each of her homes and for having miscellaneous items for sale on her property without a permit. ECF No. 17-2 at 28-30. When Plaintiff failed to timely take sufficient corrective action, she was issued three citations on April 11, 2016 ("2016 citations"). *Id.* at 32-35. Plaintiff, represented by counsel, was found guilty on all three citations at a jury trial in Camden Municipal Court on September 16, 2016. ECF No. 17-6. She was sentenced to pay a fine of $1,087.00 or thirty days in jail on each charge, suspended to a fine of $543.75 on each charge. *Id.* at 10. She paid the fines in full. *Id.* Plaintiff's convictions were affirmed by the Kershaw County Court of Common Pleas on October 25, 2017. ECF No. 19-1.

Plaintiff's Complaint alleges malicious prosecution because she was "singled out for prosecution where others in her neighborhood have gross violations of ordinances and are not prosecuted or ticketed." Compl. at ¶ 17. She further alleges prosecutorial misconduct in changing dates of her hearings so that her attorney was unable to attend. *Id.* at ¶ 16. Her second cause of

action alleges trespass on the part of City employees and "the building inspector" who "cited Scott for alleged violations that could not have otherwise, and without trespass, been observable from any point other than by trespassing upon her property." *Id.* at ¶ 20. In her third cause of action, Plaintiff alleges the City of Camden and its officers and administrators were negligent in failing to supervise the building administrator and failed to prevent, or encouraged, officials or administrators in harassing or singling out Plaintiff for prosecution. *Id.* at ¶ 22. Plaintiff also alleges these actions and inactions caused intentional infliction of emotional distress. *Id.* at ¶¶ 23, 27. Plaintiff alleges promissory estoppel, in that she relied on the ordinance allowing her to have a certain number of items for sale on her property, and she was denied this right while others were allowed to do so. *Id.* at ¶ 30. Plaintiff contends "certain Defendants" breached a fiduciary duty owed to her as a resident of Camden to be treated "fairly and justly." *Id.* at ¶ 33. Finally, Plaintiff alleges abuse of process in enforcement of city ordinances by "specifically targeting and harassing Plaintiff and in denying Plaintiff representation at hearings and denying Plaintiff enjoyment of her property by abusing the ability to issue summons and tickets even though Plaintiff had not violated ordinances as written." *Id.* at ¶ 35.

As noted by Defendants, Plaintiff was also prosecuted by the City of Camden for ordinance violations in 2008. ECF No. 17-1 at 4 n.4. Following her conviction, she sued the City of Camden, John Burns, and Charles Cushman, along with one other Defendant not named in the instant suit, alleging Constitutional violations as a result of her prosecution, civil conspiracy, and state law claims. *See* Civil Action No. 3:08-1599-CMC. Defendants were granted summary judgment in that case. *Id.* at ECF No. 60. Plaintiff conceded Cushman was to be dismissed due to prosecutorial immunity and that her claim for retaliatory prosecution in violation of the First Amendment was barred by her conviction on the citation (citing *Hartman v. Moore*, 547 U.S. 250 (2006). *Id.* She

also abandoned her claim for outrage. The court granted summary judgment on the merits regarding Plaintiff's Sixth Amendment claim that Defendants violated her right to counsel, her federal conspiracy claim, and her state law claims. *Id.*

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
> (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

4

Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

**DISCUSSION**

Defendants have moved for summary judgment, arguing Plaintiff's federal claims are barred by Supreme Court precedent disallowing § 1983 verdicts that would "necessarily imply the invalidity of [a prior] conviction or sentence." ECF No. 17-1; s*ee Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Plaintiff's convictions on the 2016 citations have not been invalidated (as they were upheld on appeal), Defendants argue Plaintiff cannot bring her Fourth Amendment malicious prosecution or prosecutorial misconduct (selective prosecution) claims, as a judgment in her favor would imply the invalidity of her convictions. Defendants also argue they are entitled to summary judgment on all state law claims, based on immunity for the individual Defendants and on the merits for the City of Camden. ECF No. 17-1 at 6-14.

In her reply, Plaintiff states her case is in response "not to a single incident of having been cited as being in violation of an ordinance or group of ordinances, but as a result of continual, gross, knowing, and spiteful, abuse of authority by persons and an entity bent upon causing her monetary as well as mental and emotional distress, in retaliation for lawful defense of her rights and having prevailed against the entity in a Court of Law." ECF No. 18. She argues her federal claims are not barred by *Heck* because the appeal was still pending when her response was filed on October 26, 2017. *Id.* Regardless, she argues, this case is not only about the 2016 ordinance violations, but about a pattern of malicious prosecution against her due to her prior successful lawsuit against the City. *Id.* Plaintiff also addresses Defendants' arguments on her claims for negligent supervision, outrage, and breach of fiduciary duty, but does not discuss the remainder of her state law claims. *Id.*

5

In their reply, Defendants note "Plaintiff appears to have abandoned several claims by failing to address them in any respect in her response memorandum." ECF No. 19. Further, they explain the appeal of her ordinance convictions has been decided, and the convictions were affirmed. Defendants argue if Plaintiff is attempting to allege a claim for "retaliatory prosecution," it fails on the merits. *Id.*

## I. Abandoned Claims

In her response to Defendants' summary judgment motion, Plaintiff failed to address the following state law claims: abuse of process, trespass, promissory estoppel, gross negligence, and negligent supervision. As Defendants' have advanced arguments as to why these claims should be dismissed, and Plaintiff failed to refute these arguments or put forward any evidence in support of her claims, they are abandoned. *Talley v. City of Charlotte*, No. 3:14-CV-00683, 2016 WL 8679235, at *10 (W.D.N.C. July 22, 2016) (citing *Mentch v. Eastern Savings Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997)) ("[Plaintiff] abandoned her harassment claim by failing to address that claim in her opposition to [defendant's] motion for summary judgment, or to offer clarification in response to [defendant's] reply brief."); *Jones v. Family Health Center, Inc.*, 323 F.Supp.2d 681, 690 (D.S.C. 2003) (holding claim abandoned when it was not addressed in opposition to summary judgment).

## II. Federal Claims

Plaintiff alleges federal claims for "malicious prosecution" and "prosecutorial misconduct" in her Complaint. ECF No. 1-1 at ¶¶14-18. The Supreme Court in *Heck v. Humphrey* held a plaintiff could not bring a § 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order,

reversal on direct appeal, or writ of habeas corpus. 512 U.S. at 487. Therefore, the specific question is whether success in a § 1983 suit would "negate an element of the offense." *Id*. at 486 n.6.

In their motion for summary judgment, Defendants characterized Plaintiff's federal claims against the City of Camden as ones for malicious prosecution and prosecutorial misconduct; this is also how Plaintiff alleged these causes of action in her Complaint. *Heck* specifically addressed common law malicious prosecution cases, noting "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of these accused." *Id.* at 484. *Heck* makes clear this applies to § 1983 actions for damages. *Id.* at 486. If this court were to allow Plaintiff to collect damages on her claim of "malicious prosecution," it would necessarily imply the invalidity of her municipal ordinance convictions, which were not reversed on direct appeal (but were affirmed) and have not been invalidated, expunged, or called into question. Therefore, *Heck* bars recovery on Plaintiff's claim, if construed as one for malicious prosecution regarding the 2016 prosecution.

Plaintiff's claim for prosecutorial misconduct fails for the same reasons. Such a claim directly implicates the validity of her convictions, which have not been invalidated. Therefore, *Heck* bars recovery on this claim as well.[3]

---

[3] Plaintiff argues in her instant Complaint her attorney was unable to attend a hearing, causing her to be unrepresented. However, this took place in Plaintiff's trial regarding her 2008 citations, not her current 2016 citations. This claim is barred by the statute of limitations and *res judicata*, as Plaintiff complained of this in her 2008 lawsuit as well, which was dismissed on the merits. Further, Plaintiff was granted a new trial so that she was represented by counsel regarding the 2008 citations.

Although Plaintiff alleges in her response her claim is essentially one for selective prosecution based on her previously successful lawsuit against the City, such a claim would still attack the validity of her convictions. Plaintiff cites no case law or other authority regarding her selective prosecution claim, and does not explain under what Amendment she brings this claim. Although Defendants in their summary judgment motion treated Plaintiff's prosecutorial claim as one for selective prosecution based on race in violation of Due Process, after Plaintiff's "clarification" in her response, they construe Plaintiff's claim as one under the First Amendment. ECF No. 19 at 2. Claims under either the First or Fifth Amendment require a high standard to show the prosecution was motivated by a discriminatory purpose.

Under the Fifth Amendment, a prosecutor may not make the decision whether to prosecute…based on "an unjustifiable standard such as race, religion, or other arbitrary classification," as that would violate the Due Process Clause of the Fifth Amendment. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

> A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one.

*Id.* at 463. A criminal defendant must present "clear evidence" that a prosecutor has violated equal protection to overcome the presumption the prosecutor properly discharged his official duties. *Id.* at 464-65.

"A cognizable First Amendment retaliation claim requires a plaintiff to show: (1) that [plaintiff's] speech was protected; (2) defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship exists between [plaintiff's] speech and the defendant's retaliatory action." *Tobey v. Jones*, 706 F.3d 379, 387 (4th

8

Cir. 2013). Supreme Court precedent requires a plaintiff plead and prove the absence of probable cause for the prosecution as an element of the retaliation claim. *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006).[4]

Regardless of the particular Amendment under which Plaintiff's claim falls, it is clear she is unable to meet the required standard to show selective or retaliatory prosecution. Plaintiff has put forth no evidence showing her prosecution was without probable cause. In the face of Defendants' evidence of her conviction on the 2016 citations, there is no genuine issue of material fact regarding probable cause in her prosecutions to support a First Amendment claim. *See Deaton v. Leath*, 302 S.E.2d 335, 336 (S.C. 1983) (under South Carolina law, "[i]f a court proceeds to conviction, it necessarily had evidence before it which could convince a reasonable man of the accused's guilty beyond a reasonable doubt, and thus a presumption of reasonable cause arises."). Neither is there an issue of fact as to a Due Process violation, as Plaintiff has put forward no evidence other than bald assertions regarding her convictions on the 2016 citations.

Plaintiff's federal claims are **dismissed with prejudice** as to Defendants City of Camden and, to the extent it may be a separate entity from the City, the City Council of Camden. As to Defendant Burns, Plaintiff's federal claims fail for the same reasons as those against the City of Camden. In addition, to the extent Plaintiff attempts to allege improper actions related to her 2008 convictions, those were dismissed with prejudice in Plaintiff's previous lawsuit in this court and

---

[4] In her 2008 lawsuit in this court, Plaintiff "acknowledged that her conviction on Citation Number 266 [2008 citation] bars her claim for allegedly retaliatory prosecution in violation of the First Amendment." C/A No. 08-1599, ECF No. 60

are barred by *res judicata*. The federal claims against Defendant Burns are **dismissed with prejudice**.

To the extent federal causes of action were alleged against individual Defendants Cushman and Wright, the court finds these claims barred by prosecutorial immunity. Cushman, the former City Attorney who prosecuted Plaintiff's 2008 citations[5], and Wright, the current City Attorney who prosecuted the 2016 citations, have absolute immunity for "prosecutorial functions intimately associated with the judicial phase of the criminal process." *See Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The federal claims against Defendants Cushman and Wright are also **dismissed with prejudice**.

### III. Remaining State Claims

Plaintiff addressed in her response, albeit minimally, the following state claims: negligent supervision, outrage, and breach of fiduciary duty. ECF No. 18 at 2-3. At the summary judgment stage, Plaintiff cannot rely on "mere unsupported allegations." *Ennis*, 53 F.3d at 62. Therefore, for the reasons stated by Defendants, with which the court agrees and adopts, Defendants are granted summary judgment as to these three claims.

**CONCLUSION**

---

[5] The court notes Plaintiff acknowledged Cushman's absolute immunity in her previous case. Civil Action No. 3:08-1599, ECF No. 60.

For the reasons set forth above, Defendants' motion for summary judgment is granted in full. This matter is **dismissed with prejudice** in its entirety.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
November 16, 2017