IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Blanche Scott, | C/A No. 3:17-cv-0602-CMC |
|     Plaintiff, | |
|   v. | |
| City of Camden, South Carolina, and John Burns, Building Inspector, and Charles Cushman III, former City Attorney, City of Camden City Council, and Michael Wright, Attorney for City of Camden, | Opinion and Order Granting Motion for Attorney's Fees |
|     Defendants. | |

This matter is before the court on Defendants' Motion for Attorney's Fees and Costs. ECF No. 25. Defendants argue they should be awarded attorney's fees pursuant to 42 U.S.C. § 1988, because Plaintiff's action was frivolous, unreasonable, and without foundation. *Id.* Plaintiff Blanche Scott ("Plaintiff") filed a response in opposition (ECF No. 26), and Defendants filed a reply (ECF No. 27). For the reasons below, Defendants' motion is granted.

**BACKGROUND**

Plaintiff filed her Complaint in the Kershaw County Court of Common Pleas, alleging a series of zoning citations were issued against her in 2016 in retaliation for a successful lawsuit she brought against the City of Camden in 1987. Compl. ¶¶ 8-13. Defendants removed to this court and subsequently filed a motion for summary judgment. ECF Nos. 1, 17. After full briefing, the court granted Defendants' motion for summary judgment. ECF No. 23.

Plaintiff was also prosecuted by the City of Camden for ordinance violations in 2008. Following her conviction, she sued the City of Camden, John Burns, and Charles Cushman, along with one other Defendant not named in the instant suit, alleging Constitutional violations. *See*

Civil Action No. 3:08-1599-CMC. In that lawsuit, Plaintiff conceded Cushman was entitled to prosecutorial immunity and that her claim for retaliatory prosecution in violation of the First Amendment was barred by her conviction on the citation (citing *Hartman v. Moore*, 547 U.S. 250 (2006). *Id.* She also abandoned her claim for outrage. The court granted summary judgment on the merits regarding Plaintiff's Sixth Amendment claim that Defendants violated her right to counsel, her federal conspiracy claim, and her state law claims. Civil Action No. 3:08-1599-CMC, ECF No. 60. Defendants did not seek attorney's fees in that case.

In the instant case, Plaintiff alleged a Fourth Amendment claim for malicious prosecution and a federal claim for "prosecutorial misconduct, as well as state law claims for outrage, trespass, negligent supervision, breach of fiduciary duty, promissory estoppel, and abuse of process. See ECF No. 1-1. Defendants' motion for summary judgment argued some of the same grounds as in the 2008 case. Plaintiff's response in opposition was a mere three pages and cited no legal authority or factual support for her positions. In addition, it failed to address many of Defendants' arguments regarding Plaintiff's claims. On November 16, 2017, the court granted summary judgment to all Defendants – relying on many of the same grounds as in the 2008 case. ECF No. 23. Defendants now seek an award of attorney's fees and costs.

## STANDARD

42 U.S.C. § 1988 provides the court with discretion to award attorney's fees to the prevailing party in a case brought pursuant to 42 U.S.C. § 1983. While §1988 does not make a distinction between prevailing plaintiffs or defendants, Supreme Court precedent dictates a prevailing defendant receive attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or groundless," or when the "plaintiff continued to litigate after it clearly became so." *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *see also Hutchinson v. Staton*,

2

994 F.2d 1076, 1080 (4th Cir. 1993).  However, there need not be any subjective bad faith on the part of the plaintiff to award attorney's fees to the defendant.  *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999) (citing *Hughes v. Rowe*, 449 U.S 5 (1980)).

**DISCUSSION**

In this case, Plaintiff brought claims quite similar to the previous unsuccessful claims, many based on the same type of fact pattern.  She was aware or should have been aware, based on the previous summary judgment order, of certain defenses raised by Defendants that would render her claims frivolous.  One of the parties sued was previously sued and dismissed as immune; yet Plaintiff chose to sue him again in this action.  It is clear some of her claims were frivolous from the outset.  For instance, Plaintiff sued Charles Cushman, a former City Attorney, who retired in 2012.  While she agreed to dismiss Cushman from the 2008 suit due to prosecutorial immunity, she made no such concession in the instant case, despite ongoing immunity, res judicata, and the statute of limitations.  Further, she also sued the current City Attorney Michael Wright, despite learning in her previous suit the City Attorney would be entitled to prosecutorial immunity.  She did not concede this immunity and dismiss Wright.  Nor did she concede her state law claim for outrage as she did in the 2008 lawsuit.

Plaintiff argues she was unaware of the outcome of her previous case, and thus failed to notify her attorney of such.  Therefore, she argues, she had no intent to bring her claims "frivolously."  However, Plaintiff was aware of the *existence* of her prior case.  Further, the existence of the 2008 lawsuit (and its Civil Action number) was noted by Defendants in their Responses to Local Civil Rule 26.01 Interrogatories, filed on March 3, 2017.  *See* ECF No. 3.  At that point, Plaintiff and her counsel had the information necessary to research and review the prior case and note the similar, sometimes identical, and previously unsuccessful claims.  Plaintiff was

on notice at least in March 2017 of the frivolity of some of her current claims. *See Hutchinson v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993) (awarding fees to the defendant when the plaintiff "persisted in [the] lawsuit long after it had plainly become groundless"). In addition, a copy of the summary judgment order in the 2008 lawsuit was attached to Defendants' motion for summary judgment. *See* ECF No. 17-7. However, Plaintiff did not withdraw any plainly frivolous claims at that point, instead continuing to argue (albeit minimally) her federal claims and some state claims against all Defendants.

In addition, Plaintiff took no depositions and participated minimally in discovery. Although requests for production and interrogatories were prepared in June 2017 and sent to Defendants in advance of the September 2017 discovery deadline[1], these apparently only requested copies of "pleadings and conclusions of cases they had in their possession concerning the Plaintiff." As noted above, however, Plaintiff and her attorney had access to this information as early as March. ECF No. 26 at 2. While the court has no further information regarding discovery sent by Plaintiff, neither party asserts any discovery was conducted by Plaintiff concerning the facts of the present case. In her response to Defendants' summary judgment motion, Plaintiff put forth no factual or legal support for any of her claims, even those that may not have been immediately foreclosed by the previous lawsuit. Neither did she concede or withdraw any of her claims, necessitating a response by Defendants and a ruling by this court on all claims.

---

[1] Defendants argue Plaintiff "engaged in no discovery other than service of untimely interrogatories and requests to produce to which proper objections were made based on the discovery deadline and Local Civil Rule 16.02(D)(1)." ECF No. 25-1 at 5. Plaintiff notes these discovery requests were prepared by her attorney within the discovery period and should have been timely served but for an error of her counsel's paralegal. However, regardless of the timing of these requests, Plaintiff did not appear to engage in any substantive discovery regarding her current allegations.

4

Plaintiff's claims were based on mere conjecture and speculation. Plaintiff should have acknowledged the duplicity and frivolity of her claims before requiring Defendants to file a summary judgment motion.

Defendants seek an award of attorney's fees in the amount of $7,737.00 and costs related to Plaintiff's deposition in the amount of $739.46. The motion is supported by an affidavit of Defendants' counsel; an affidavit of the Claims Manager for the South Carolina Municipal Insurance and Risk Financing Fund, which sets the standard rate for defense counsel in lawsuits against member municipalities; an itemized bill for time spent on this case by defense counsel through November 17, 2017; and an invoice for deposition costs. Therefore, the fee petition provides adequate support for the rates claimed.

The court has considered the factors set forth in *Barber v. Kimbrell's Inc*., 577 F.2d 216, 226 n. 28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

While not all are applicable in this case, as Defendants are the parties seeking fees, those that are relevant support the award of attorney's fees. Defense counsel has experience litigating §1983 cases, his time and labor expended appears reasonable, and he obtained a positive result for his client. Because there is no doubt that as of March 3 (filing of Defendants' 26.01 interrogatory responses), Plaintiff and her counsel were on notice of the existence of the 2008 lawsuit, and had

the ability to obtain the order granting summary judgment from this court, pursuing the current frivolous action was reckless at best. Therefore, the court finds an award of $6,607.50 in fees, for defense attorney and paralegal work after the 26.01 interrogatory responses were filed, and $739.46 in costs to be reasonable in this case.

## CONCLUSION

For the reasons set forth above, the court awards costs in the amount of $739.46 and attorney's fees in the amount of $6,607.50 against Plaintiff.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 3, 2018